United States District Court
Southern District of Texas
**ENTERED**
July 31, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:22-CV-00288 |
| | § | |
| ABEL JASSO, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The undersigned recommends that the district court DENY Plaintiff Jewell Thomas'
motion for leave to file an out-of-time notice of appeal in this case.  Plaintiff fails to demonstrate
the required excusable neglect or good cause.

This is a civil rights case brought under 42 U.S.C. § 1983.  *See* Doc. No. 1.  Plaintiff, an
inmate confined by the Texas Department of Criminal Justice – Correctional Institutions
Division, was granted permission to proceed *in forma pauperis*.  (Doc. Nos. 3, 6.)  The
undersigned recommended that Plaintiff's action be dismissed and that a "strike" be assessed for
purposes of 28 U.S.C. § 1915(g).  (Doc. No. 10.)  On June 9, 2023, the district court adopted that
recommendation, dismissed this action, and assessed a strike.  (Doc. No. 14.)  Final judgment
was entered on June 9, 2023.  (Doc. No. 15.)

On July 27, 2023, the Clerk received and entered a document entitled "Plaintiff's Notice
of Appeal; Plaintiff's Motion for Extension of Time to File Notice of Appeal."  (Doc. Nos 16,
17.)  The Court construes that single document as both a notice of appeal (Doc. No. 17) and a
motion for an extension of time to file it.  (Doc. No. 16.)  Plaintiff dated his signature July 25,
2023, and the accompanying envelope is also postmarked on July 25.  *Id.* at 1, 2.

In his document, Plaintiff states:

> The Plaintiff has been struggling with mental health issues associated with the Texas heat wave and excessive heat in the Plaintiff's living area. It is these mental health issues with stress that has caused the delay in responding timely to the notice of appeal. See: Weekley v. Jones, 927 F.3d 382, 385-86 (8th Cir. 1991) (prisoner's pro se status, his impaired mental health, and his use of psychotropic medications constituted good cause).

(Doc. No. 16, p. 1.)

Federal Rule of Appellate Procedure 4(a)(1)(A) provides that the notice of appeal in a civil case must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. The judgment in this case was entered on June 9. Plaintiff's notice of appeal, then, was required to be filed with the Clerk on or before July 10, 2023, because the thirtieth day after entry of judgment was a Sunday. *See id.*; Fed. R. App. P. 26(a)(1). But Plaintiff's construed notice of appeal is dated 46 days after entry of judgment, on July 25, 2023. Thus, unless an exception to the 30-day time limit applies, Plaintiff's notice of appeal is untimely.

Rule 4(a)(1)(A) recognizes three exceptions to the 30-day deadline. None of those exceptions applies here. The United States is not a party, nor are any of its agencies or employees, so Federal Rule of Appellate Procedure 4(a)(1)(B) does not apply. No motions were filed prior to the expiration of the time period for filing a notice of appeal, so Federal Rule of Appellate Procedure 4(a)(4) does not apply. And although Plaintiff is an inmate confined in an institution, he failed to deposit his notice of appeal in the prison mailing system on or before the last day for filing, so Federal Rule of Appellate Procedure 4(c) does not apply. Plaintiff's notice of appeal is therefore untimely.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the deadline to file a notice of appeal if the plaintiff shows "excusable neglect or good cause."

Plaintiff bears the burden of showing excusable neglect or good cause.  *See Kretzer v. Lumpkin*, No. 23-50026, 2023 WL 4405089, at *1 (5th Cir. Mar. 10, 2023).

Plaintiff does not allege excusable neglect.  He argues solely that he meets the "good cause" standard because of his alleged mental health issues, the "excessive heat" in his living area, and stress.  (Doc. No. 16, p. 1.)  But in addition to being unsupported by any evidence, Plaintiff's contention is undercut by the fact that he filed no fewer than 20 other documents with this Court in ten different cases between June 9 (the date on which judgment was entered) and July 25 (the date of his notice of appeal).[1]  One of these documents was a notice of appeal from a different adverse judgment.  *Thomas v. Nino*, No. 2:22-cv-00252, Doc. No. 17 (S.D. Tex. June 22, 2023).  Another was a complaint in a new lawsuit.  *Thomas v. Holmes*, No. 2:23-cv-00190, Doc. No. 1 (S.D. Tex. July 21, 2023).  Plaintiff also participated in an evidentiary hearing via videoconference before the undersigned on June 29, 2023.  *Thomas v. Sanchez*, No. 2:22-cv-00152 (S.D. Tex.).  Regardless of whether Plaintiff's assertions regarding mental health, excessive heat, and stress are true, none of those alleged impediments prevented Plaintiff from filing those other documents in his other cases or from participating in the evidentiary hearing.  The undersigned concludes that Plaintiff was fully capable of filing a notice of appeal in this case, just as he did in *Thomas v. Nino*.

---

[1]  *See Thomas v. Lumpkin*, No. 2:22-cv-00250 (S.D. Tex.), Doc. No. 21 (July 6, 2023); *Thomas v. Kwarteng*, No. 2:22-cv-00083 (S.D. Tex.), Doc. No. 63 (June 27, 2023), Doc. No. 65 (July 24, 2023); *Thomas v. Sanchez*, No. 2:22-cv-00152 (S.D. Tex.), Doc. No. 29 (June 13, 2023), Doc. No. 38 (June 28, 2023), Doc. No. 44 (July 5, 2023), Doc. No. 48 (July 18, 2023), Doc. No. 49 (July 18, 2023), Doc. No. 50 (July 21, 2023), Doc. No. 51 (July 24, 2023); *Thomas v. Nino*, No. 2:22-cv-00252 (S.D. Tex.), Doc. No. 17 (June 22, 2023) (notice of appeal), Doc. No. 19 (July 12, 2023); *Thomas v. Linthicum*, No. 2:23-cv-00127 (S.D. Tex.), Doc. No. 6 (June 14, 2023), Doc. No. 9 (June 26, 2023), Doc. No. 10 (July 18, 2023); *Thomas v. Holmes*, No. 2:23-cv-00190 (S.D. Tex.), Doc. No. 1 (July 14, 2023) (complaint in new lawsuit); *Thomas v. Linthicum*, No. 2:23-cv-00162 (S.D. Tex.), Doc. No. 41 (June 9, 2023); *Thomas v. Strack*, No. 2:22-cv-00170 (S.D. Tex.), Doc. No. 25 (July 24, 2023); *Thomas v. Kwarteng*, No. 2:22-cv-00253 (S.D. Tex.), Doc. No. 23 (July 24, 2023); *Thomas v. Lumpkin*, No. 2:23-cv-00112 (S.D. Tex.), Doc. No. 8 (June 14, 2023).  All dates listed are the dates on which Plaintiff dated his own signature on each document.

The undersigned recommends a finding that Plaintiff has failed to establish good cause for his late notice of appeal, and recommends that Plaintiff's motion to file his untimely notice of appeal be DENIED.

## NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on July 31, 2023.

MITCHEL NEUROCK
United States Magistrate Judge